**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Gandy, as Personal Representative of the Estate of Sally Faye Robbins on behalf of the Estate of Sally Faye Robbins, and on behalf of Renee Montz, Paul Montz, Darrell Robbins and Helen Robbins, statutory beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | No. CIV-03-1224-PCT-JAT<br><br>**ORDER** |

Pending before this Court is Defendant's Motion in Limine ("Motion") regarding loss of future earnings. (Doc. # 145). On May 10, 2006, Plaintiff filed a Response to Defendant's Motion. The Court now rules on this motion.

**I.   BACKGROUND**

On June 27, 2003, Sally Robbins ("Decedent") filed a Complaint in the United States District Court for the District of Arizona. Ms. Robbins brought the Complaint under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, alleging medical negligence on the part of the Defendant, United States of America. The Complaint alleged that Ms. Robbins suffered permanent injury to her pancreas and resulting pain and suffering, loss of wages, medical expenses, and permanent physical disability due to an endoscopic

retrograde cholangiopancreatogram ("ERCP") negligently performed by the Veterans Administration Medical Center on September 9, 1999.

On May 22, 2005, approximately three weeks before trial, Ms. Robbins passed away. The medical examiner concluded that Ms. Robbins' death was the result of a toxic level of combined prescription medications, some of which Ms. Robbins was taking because of her pancreatic problems. Ms. Robbins is survived by her children, Renee and Paul Montz, as well as her parents, Darrell and Helen Robbins. Troy Gandy ("Plaintiff") was subsequently appointed as the personal representative of Sally Robbins' estate with the consent of her surviving children.

On February 14, 2006, this Court issued the Order granting Plaintiff's Motion to Amend Complaint. (Doc. # 130). The Order ruled that Troy Gandy, Personal Representative of Ms. Robbins' estate, may bring a survival claim on the estate's behalf under A.R.S. § 14-3110. The Amended Complaint, filed on February 21, 2006, includes a survival claim under A.R.S. § 14-3110 and a wrongful death claim pursuant to A.R.S. § 12-611, *et seq.* and A.R.S. § 12-561, *et seq.* on behalf of all statutory beneficiaries. (Doc. #131).

The Amended Complaint alleges wrongful death damages under A.R.S. § 12-613 including loss of Decedent's companionship, comfort, and guidance; and anguish, sorrow, stress, mental suffering, grief, shock, and other recoverable damages. (Doc. # 131). The Amended Complaint also alleges economic damages for Ms. Robbins' lost earnings in the amount of $522,117.00 under the survival statute, A.R.S. § 14-3110. (Doc. #131).

Defendant has moved to limit all evidence in the survival claim relating to loss of Decedent's future earnings to the amount that Decedent actually lost between the time of her injury, September 9, 1999, and her death, May 22, 2005. (Doc. # 145).

**II.     LEGAL STANDARD AND ANALYSIS**

The Court will address the pending motion to limit the time frame for economic damages recoverable under Arizona's survival statute. This is a medical malpractice case under the FTCA, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* Under the FTCA, tort liability of the United States is determined "in accordance with the law of the place where the act or

- 2 -

1  omission occurred." 28 U.S.C. § 1346(b)(1); *see Richards v. United States*, 369 U.S. 1, 6
2  (1961). In this case, the substantive law of Arizona controls.
3        As a preliminary matter, this Court does not find it necessary or proper to certify this
4  matter to the Arizona Supreme Court under A.R.S. § 12-1861 as suggested in Defendant's
5  Motion. Under A.R.S. § 12-1861, only questions "which may be determinative of the cause"
6  pending in the district court may be certified to the Arizona Supreme Court. A dispute over
7  possible damages in a survival claim is not determinative, therefore this Court elects not to
8  certify the pending question.

### A.  Recovery Under A.R.S. § 14-3110 and A.R.S. § 12-611

10        A wrongful death claim and a survival claim are separate claims arising from the same
11  incident. *Barragan v. Superior Court of Pima County*, 12 Ariz. 402, 404, 470 P.2d 722, 724
12  (Ct. App. 1970) (holding that a claim under the survival statute permits recovery for the
13  wrong to the injured person, and the wrongful death statute confines recovery to the loss
14  suffered by the beneficiaries). Remedies provided in the survival and wrongful death statutes
15  are not mutually exclusive. *Id.* at 403, 470 P.2d at 723.
16        The survival statute provides that:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

21  A.R.S. § 14-3110. The survival statute provides for recovery of damages sustained by the
22  decedent from the time of injury until her death. *Barragan*, 12 Ariz. at 403, 470 P.2d at 724.
23  The claim passes from the decedent to the personal representative, and becomes an asset of
24  the estate. *Id.* The purpose of the survival statute is "to prevent the tortfeasor's liability from
25  ceasing upon the injured person's death." *Id.* The survival statute, A.R.S. § 14-3110, does
26  not create a new claim, but rather allows the personal representative to enforce the decedent's
27  claim. *Id.*
28        The wrongful death statute provides that:

> When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter.

A.R.S. § 12-611. A wrongful death claim is neither continuation of the decedent's claim, nor continuation of the survival claim under A.R.S. § 14-3110. *Barragan*, 12 Ariz. at 403, 470 P.2d at 724. A wrongful death claim compensates statutory beneficiaries for their injuries, as opposed to a survival claim which compensates the decedent's estate. *Id.* When both survival and wrongful death claims are asserted, recovery cannot be duplicative.

### B.     Motion to Limit Evidence of Decedent's Loss of Earnings

To avoid duplication of the damages, Defendant has moved to exclude evidence of economic damages for loss of Decedent's future earnings in the survival claim filed under A.R.S. §14-3110. While enumerating which causes of action do not survive the death of the plaintiff, the survival statute is silent as to which compensatory damages, including damages for loss of future earnings, are allowed. A.R.S. § 14-3110 (quoted above). Further, there is no Arizona case addressing loss of future earnings in a survival claim. In support of Defendant's Motion requesting that damages for Decedent's future earnings in the survival claim be limited, many jurisdictions,[1] as well as the Restatement (Second) of Torts, find that recovery in survival claims is limited to damages accruing before the injured person's death.

In its Motion, Defendant cites several jurisdictions which hold that state survival statutes do not entitle beneficiaries to recover damages for decedent's loss of future earnings. Many jurisdictions hold that when damages are recoverable under both survival and wrongful

---

[1] *See* James O. Pearson, Jr., J.D., Annotation, *Recovery, in Action for Benefit of Decedent's Estate in Jurisdiction Which Has Both Wrongful Death and Survival Statutes, of Value of Earnings Decedent Would Have Made After Death*, 79 A.L.R.3d 125 (1977).

- 4 -

1 death statutes, the damages recoverable under the survival statute do not include the loss of
2 decedent's future earnings.[2]

3 Defendant cites *Jones v. Flood*, 351 Md. 120, 716 A.2d 285 (1998), as evidence of
4 limited recovery in survival statutes. The Maryland Supreme Court in *Jones* addressed the
5 issue that is presently before this Court, and held that when a statute is silent as to the
6 recovery of loss of decedent's future earnings, then the recovery will be limited to the time
7 of injury through the time of death. *Id.* at 124, 716 A.2d at 287. The Maryland Supreme
8 Court based its ruling on the interaction between the wrongful death and survival statutes,
9 and stated "'[t]he wrongful death damages begin with the death of the person wronged. The
10 survival claim damages end with the death of the person wronged. There is no overlap or
11 duplication of damages.'" *Id.* at 130, 716 A.2d at 290 (quoting *State ex rel. Smith v. Greene*,
12 494 S.W.2d 55, 60 (Mo. 1973)). The court's rationale in *Jones* is similar to the Arizona

---

[2] *See, e.g.*, *O'Leary v. U.S. Lines Co.*, 111 F.Supp. 745, 747 (D. Mass. 1953) (applying Massachusetts law and finding that loss of earnings are to be calculated from time of injury to death of decedent); *Hooper Constr. Co. v. Drake*, 73 So.2d 279, 281 (Fla. 1954) (prohibiting recovery for "loss of the decedent's prospective estate" in survival claim); *Greene v. Texeira*, 505 P.2d 1169, 1170 (Haw. 1973) (holding future earnings of a decedent are not proper for a survival claim); *Flowers v. Marshall*, 494 P.2d 1184, 1188 (Kan. 1972) (finding that recovery would be doubled if loss of future earnings were allowed in survival claim); *Sacco v. Allred*, 845 So.2d 528, 538 (La. Ct. App. 2003) (permitting recovery only for loss of earnings sustained before death); *Adelsberger v. Sheehy*, 79 S.W.2d 109, 114 (Mo. 1953) (finding that loss of earnings "for the period [decedent] would have lived . . . cannot be considered"); *Hindman v. Sulpho Saline Bath Co.*, NW 806, 808 (Neb. 1922) (finding no loss of earnings may be recovered beyond time of death); *Kordonsky v. Andrst*, 172 A.D.2d 497, 499 (N.Y. 1991) (limiting damages to "loss of earnings up to the time of death"); *Case v. Norfolk & Western Ry. Co.*, 570 N.E.2d 1132, 1137 (Ohio Ct. App. 1988) (limiting damages for loss of earnings to the time of death); *St. Louis-S.F. Ry. Co. v. Hutchison*, 245 P. 891, 893 (Okla. 1926) (prohibiting damages for loss of earnings that accrue after death); *Lopez v. City Towing Assoc., Inc*., 754 S.W.2d 254, 260 (Tex. Ct. App. 1989) (holding decedent's estate is not permitted to recover lost future earnings ); *Prunty v. Schwantes*, 162 N.W.2d 34, 38 (Wis. 1968) (finding that loss of future earnings does not survive the death of injured party); *see also, Pezzulli v. D'Ambrosia*, 26 A.2d 659, 662 (Pa. 1942) (holding that permissible recovery includes future earnings, but recovery may be adjusted to prevent a double recovery).

1 Supreme Court's interpretation of claims under Arizona wrongful death and survival statutes. 2 *See Barragan* at 405, 470 P.2d at 275 ("The latter begins where the former ends and recovery 3 on both is not a double recovery for a single wrong but rather separate recoveries for 4 different wrongs"). To prevent double recovery under the wrongful death and survival 5 statutes, recovery for Decedent's loss of future earnings in the survival claim is limited to the 6 time between her injury, September 9, 1999, to her death, May 22, 2005.

7 In the absence of prior decisions or authority to the contrary, the Arizona Supreme 8 Court consistently follows the Restatement of Torts where applicable. *See Barnum v. Rural* 9 *Fire Protection Co.*, 24 Ariz.App. 233, 238, 537 P.2d 618, 623 (Ct. App. 1975); *Mac Neil* 10 *v. Perkins*, 84 Ariz. 74, 81, 324 P.2d 211, 215 (1958); *but see Barnes v. Outlaw*, 192 Ariz. 11 283, 283, 964 P.2d 484, 486 (1998) ("although we generally follow the Restatement absent 12 statutes or case law to the contrary, we do not do so blindly"). The Restatement of Torts 13 supports granting Defendant's Motion. The Restatement does not allow the estate in a 14 survival claim to recover decedent's loss of future earnings. Restatement (Second) of Torts 15 §926(a) (1979) (providing an exception that limits "damages for loss or impairment of 16 earning capacity . . . to harms suffered before the death [of injured person]"). The policy 17 behind this limitation is to prevent overlapping recovery between wrongful death and 18 survival statutes. *Id.* at cmt. (a). Loss of future income is recoverable under Arizona's 19 wrongful death statute, A.R.S. § 12-613, therefore in order to prevent double recovery, as a 20 policy matter, damages for loss of earnings in the survival matter must be limited to those 21 incurred between Decedent's injury and her death.

22 Lastly, Plaintiff argues that double recovery is a non-issue because the wrongful death 23 claimants do not make a claim for future lost earnings, however the Court disagrees. The 24 Amended Complaint seeks wrongful death recovery for injuries sustained including "other 25 recoverable damages set forth in A.R.S. § 12-613." (Doc. #131 at 4:20-21). For this reason, 26 the Court finds it necessary to limit the loss of future income recoverable under the survival 27 claim to protect against potential double recovery.

28

- 6 -

1  The Court grants Defendant's Motion to limit all evidence concerning the loss of
2  Decedent's earnings to the amount that Decedent actually lost between the time of her injury
3  and her death for purposes of the survival claim.  Accordingly,
4  IT IS ORDERED GRANTING the Defendant's Motion in Limine Re: Loss of Future
5  Earnings.  (Doc. # 145).
6  DATED this 31st day of May, 2006.

James A. Teilborg
United States District Judge

- 7 -